## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JESSICA DEE DUNCAN-GEIGER                :
3015 Frankford Ave.                                     :
Philadelphia, PA 19134                               :        CIVIL ACTION
                                                                       :
                  Plaintiff,                                  :        No. _____
                                                                       :
        v.                                                         :
                                                                       :        **JURY TRIAL DEMANDED**
IRON HILL BREWERY, LLC                    :
d/b/a Iron Hill Brewery & Restaurant      :
60 Greenfield Ave.                                     :
Ardmore, PA 19003                                  :
                                                                       :
                  Defendant.                              :
_____:

## CIVIL ACTION COMPLAINT

        Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

        1.        This action has been initiated by Jessica Dee Duncan-Geiger (hereinafter referred to as "Plaintiff") against Iron Hill Brewery, LLC (hereinafter referred to as "Defendant") for violations the Fair Labor Standards Act/Equal Pay Act ("FLSA" / "EPA" – 29 U.S.C. §§ 201 *et seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff will move to amend her instant lawsuit to include claims under the Pennsylvania Human Relations Act once her administrative remedies are fully exhausted with the Pennsylvania Human Relations Commission on March 1, 2024. Plaintiff's claims under the PHRA will not change the facts of the instant Civil Action Complaint but will add a Count for gender discrimination and retaliation.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant is a company that owns and operates brewery/restaurant establishments under the name "Iron Hill Brewery and Restaurant," including the location at which Plaintiff worked in Ardmore, PA.

8.      At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff is a female.

11.     Plaintiff was employed with Defendant from on or about September 16, 2021 through on or about December 2, 2022 – when she was unlawfully terminated (as discussed *infra*).

12.     During her employment with Defendant, Plaintiff was employed as a Line Cook.

13.     Throughout her employment, Plaintiff was a dedicated and hard-working employee, who performed her job well.

14.     As of her termination in December of 2022, Plaintiff's rate of pay as a Line Cook was $19.00 per hour.

15.     Towards the end of her employment with Defendant, Plaintiff learned that two other male Line Cooks had been paid a higher hourly rate than her even though (1) she held the same title as them; (2) she performed more work than them, as she performing on two stations and they were only performing on one station; (3) she had more responsibilities than them; and (4) they had less seniority than Plaintiff at the time she became aware of their pay rate.

16.     Specifically, Plaintiff learned that the one male Line Cook was paid $21.00 per hour (as opposed to her $19.00 per hour) because he personally told her what he was earning.

17.     Plaintiff learned that the other male Line Cook was paid $21.00 per hour because Plaintiff's supervisor told her how much this individual was earning.

18.     On or about October 20, 2022, Plaintiff filed a complaint with Derek Rothenberger, Defendant's VP of Human Resources ("HR") and Training, indicating that she believed she had

been discriminated against based on her gender, as there were two male Line Cooks who had been paid a higher hourly rate than her, despite having the same job as her.

19.     Plaintiff was thereafter required to discuss her complaint of gender discrimination/unequal pay with HR Generalist, Danielle Bennett (hereinafter "Bennett").

20.     By the time that Plaintiff made her aforesaid complaint of unequal pay/gender discrimination to Defendant's HR department, the two male Line Cooks who were paid a higher hourly rate than Plaintiff had separated from their employment with Defendant; however, this did not excuse the unequal pay that Plaintiff had previously been subjected to.

21.     Defendant's HR department indicated that it would perform an investigation into Plaintiff's complaint of unequal pay/gender discrimination.

22.     On or about October 26, 2022, Defendant's HR department contacted Plaintiff and indicated that they could not substantiate her claim of gender discrimination/unequal pay because she was currently at the top of her pay range for Line Cooks within Defendant.

23.     When Plaintiff addressed the fact that there had been two former male Line Cooks who were paid a higher hourly rate than Plaintiff when the three of them were all employed at the same time, Defendant's HR department ignored Plaintiff and continued to assert that her claims of gender discrimination/unequal pay were unsubstantiated because she was being paid the highest rate among the Line Cooks then currently employed with Defendant (in October of 2022).

24.     After being notified that Defendant was not going to properly investigate or remedy her concern of gender discrimination/unequal pay, Plaintiff contacted the Equal Employment Opportunity Commission ("EEOC") and began the process of filing a complaint with said agency for gender discrimination.

25.     Following her complaint of gender discrimination/unequal pay, Plaintiff began to be subjected to retaliatory harassment, including but not limited to reducing her hours in mid-November of 2022 and then eventually not scheduling her for any hours at the end of November 2022.

26.     Plaintiff requested off between December 1 through December 3, 2022, which was approved by Defendant's HR department.

27.     However, on or about December 2, 2022, Plaintiff learned that she was terminated from her employment with Defendant for allegedly being a no-call/no-show on December 1, 2022 and December 2, 2022; however, the days in which Plaintiff was accused by Defendant of being a no-call/no-show were days in which she had taken and was approved for PTO (discussed *supra*).

28.     Plaintiff believes and therefore avers that she was terminated in violation of the FLSA's Equal Pay Act for retaliatory reasons.

**Count I**
**Violations of the FLSA/EPA**
**(Discrimination & Retaliation)**

29.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30.     During the course of her employment with Defendant, Plaintiff was not properly paid an equal rate to her male counterparts.

31.     Plaintiff complained to Defendant's management that she believed she was not being paid the same or similar rate as some of her male counterparts because of her gender.

32.     Following her complaints of unequal pay, Plaintiff was subjected to retaliatory harassment, had her hours cut, and then was eventually terminated from her employment with Defendant.

33.     These actions as foresaid constitute violations of FLSA/EPA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating and/or retaliating against employees and is to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits.  Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination/retaliation at the hands of Defendant until the date of verdict;

C.     Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct, and to deter Defendant from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s));

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable

law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with

Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    _____
        Ari R. Karpf, Esquire
        3331 Street Road
        Two Greenwood Square
        Suite 128
        Bensalem, PA 19020
        (215) 639-0801

Dated: January 31, 2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Jessica Dee Duncan-Geiger                       CIVIL ACTION

v.

Iron Hill Brewery, LLC d/b/a Iron Hill Brewery & Restaurant    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.       (X )

| 2/1/2024 | | Plaintiff |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___3015 Frankford Avenue, Philadelphia, PA 19134_____

Address of Defendant: ___60 Greenfield Avenue, Ardmore, PA 19003_____

Place of Accident, Incident or Transaction: ___Defendant's place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___2/1/2024_____  _____  ___ARK2484 / 91538___
                                                       *Attorney-at-Law / Pro Se Plaintiff*                       *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*                   **B.**    *Diversity Jurisdiction Cases:*

| | | | | |
|---|---|---|---|---|
| ☐ | 1. Indemnity Contract, Marine Contract, and All Other Contracts | | ☐ | 1. Insurance Contract and Other Contracts |
| ☐ | 2. FELA | | ☐ | 2. Airplane Personal Injury |
| ☐ | 3. Jones Act-Personal Injury | | ☐ | 3. Assault, Defamation |
| ☐ | 4. Antitrust | | ☐ | 4. Marine Personal Injury |
| ☐ | 5. Patent | | ☐ | 5. Motor Vehicle Personal Injury |
| ☐ | 6. Labor-Management Relations | | ☐ | 6. Other Personal Injury *(Please specify):* _____ |
| ☒ | 7. Civil Rights | | ☐ | 7. Products Liability |
| ☐ | 8. Habeas Corpus | | ☐ | 8. Products Liability – Asbestos |
| ☐ | 9. Securities Act(s) Cases | | ☐ | 9. All other Diversity Cases |
| ☐ | 10. Social Security Review Cases | | | *(Please specify):* _____ |
| ☐ | 11. All other Federal Question Cases | | | |
| | *(Please specify):* _____ | | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒    Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐    Relief other than monetary damages is sought.

DATE: ___2/1/2024_____  _____  ___ARK2484 / 91538___
                                                       *Attorney-at-Law / Pro Se Plaintiff*                       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| DUNCAN-GEIGER, JESSICA DEE | IRON HILL BREWERY, LLC D/B/A IRON HILL BREWERY & RESTAURANT |

**(b)**   County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

### II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1   U.S. Government       Plaintiff | X 3   Federal Question       *(U.S. Government Not a Party)* |
| 2   U.S. Government       Defendant | 4   Diversity       *(Indicate Citizenship of Parties in Item III)* |

### III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place       of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place       of Business In Another State | 5 | 5 |
| Citizen or Subject of a       Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

### IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure       of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury -       Product Liability | 690 Other | 423 Withdrawal       28 USC 157 | 376 Qui Tam (31 USC       3729(a)) |
| 130 Miller Act | 315 Airplane Product       Liability | 367 Health Care/       Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel &       Slander | Personal Injury       Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment       & Enforcement of Judgment | 330 Federal Employers'       Liability | 368 Asbestos Personal       Injury Product | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted       Student Loans       (Excludes Veterans) | 345 Marine Product       Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated       New Drug Application | 460 Deportation |
| | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and       Corrupt Organizations |
| 153 Recovery of Overpayment       of Veteran's Benefits | 355 Motor Vehicle       Product Liability | 371 Truth in Lending | X 710 Fair Labor Standards       Act | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal | 380 Other Personal       Property Damage | 720 Labor/Management       Relations | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | Injury | 385 Property Damage       Product Liability | 740 Railway Labor Act | 862 Black Lung (923)       863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/       Exchange |
| 195 Contract Product Liability | 362 Personal Injury -       Medical Malpractice | | 751 Family and Medical       Leave Act | 864 SSID Title XVI       865 RSI (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | | | 891 Agricultural Acts |
| | | | 790 Other Labor Litigation | | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement       Income Security Act | **FEDERAL TAX SUITS** | 895 Freedom of Information       Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff       or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party       26 USC 7609 | 899 Administrative Procedure       Act/Review or Appeal of       Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate       Sentence | | | |
| 240 Torts to Land | 443 Housing/       Accommodations | 530 General | | | 950 Constitutionality of       State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities -       Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities -       Other | **Other:**       540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights       555 Prison Condition       560 Civil Detainee -       Conditions of       Confinement | 465 Other Immigration       Actions | | |

### V.  ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1   Original       Proceeding | 2   Removed from       State Court | 3   Remanded from       Appellate Court | 4   Reinstated or       Reopened | 5   Transferred from       Another District       *(specify)* | 6   Multidistrict       Litigation -       Transfer | 8   Multidistrict       Litigation -       Direct File |

### VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and the PHRA.

### VII.  REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   X Yes   'No

### VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE   2/1/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

| Print | Save As... | Reset |
|---|---|---|